JULIANA LOZA-EXLEY
8549 WILSHIRE BOULEVARD, SUITE 205
BEVERLY HILLS, CALIFORNIA 90211
TEL: (310) 858-1093 EXT 101 FAX: (310) 858-1094

TRUSTEE OF RESPONDENT RAY WARREN EXLEY, ADMINISTRATOR FOR CLAIMANTS ATHENA MEDICAL GROUP INC., DEFINED BENEFIT PENSION PLAN, ATHENA MEDICAL GROUP, INC. DEFINED CONTRIBUTION PENSION PLAN ATHENA MEDICAL GROUP INC. RETIREMENT TRUST AND ATHENA MEDICAL GROUP, INC.

# UNITED STATES DISTRIC COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS O'BRIEN,<br><br>   Petitioner<br><br>   vs.<br><br>RAY EXLEY,<br><br>   and<br><br>JULIANA LOZA EXLEY, Representative for RAY EXLEY (Deceased)<br><br>   Respondent<br><br>   And<br><br>ATHENA MEDICAL GROUP INC. DEFINED BENEFIT PENSION PLAN (#1); AND ATHENA MEDICAL GROUP INC. DEFINED CONTRIBUTION PENTON PLAN (#3); THE ATHENA MEDICAL GROUP INC. RETIREMENT TRUST, AND ATHENA MEDICAL GROUP INC. (Nevada)<br><br>   Claimants. | CASE NO.: _____<br><br>NOTICE OF REMOVAL OF STATE COURT ACTION<br><br>UNDER 28 U. S.C. §1331; 28 U.S.C. §1441(A); 28 U.S.C. §1446; ERISA §§514 (29; U.S.C. §1144); ERISA 2; (29; U.S.C. §1001 ET.SEQ) AND ERISA 502(A)(2)(3),(D), (E),(F)&(G) (29 U.S.C. §1132(A)(2), 29 U.S.C. §1132 (D), 29 U.S.C. §1132 (E),(F) & (G)) ERISA 206 (29 U.S.C. §1056)  ERISA  ERISA 205 REQUIREMENT OF SURVIVING SPOUSE SURVIVOR ANNUITY |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT RESPONDENT AND TRUSTEE REPRESENTATIVE FOR RESPONDENT TRUST AND CLAIMANTS ATHENA MEDICAL GROUP, INC., DEFINED BENEFIT PENSION PLAN AND ATHENA MEDICAL GROUP, INC., DEFINED CONTRIBUTION PENSION PLAN AND ATHENA MEDICAL GROUP, INC., RETIREMENT TRUST REMOVE TO THIS COURT THE STATE COURT CASE ACTION FILED IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES CASE NUMBER BD 468-094 DESCRIBED HERE BELOW:

1. On or about June 21, 2007, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles (Central District) entitled: LOIS O'BRIEN (Petitioner) vs. RAY EXLEY (Respondent). Case Number BD 468-094 ("the State Action").

2. In or about March 2013, the case was re-assigned to the Hon. Mark Juhas, Judge for the purpose of trial.

3. On or about February 18, 2014 the trial commenced with the Hon. Mark Juhas, Judge, who issued the Order Entry of Judgment on December 22, 2014. The December 22, 2014 Judgment by Hon. Mark Juhas which improperly ordered assignments of millions of dollars in Athena ERISA Plan; Claimant's property and rendered judgments regarding ERISA trustee's intentions which if true are federal issues. A chart annotating the significant violations of ERISA and the plethora of exclusively ERISA statutes is included as Exhibit"2". Issues of exclusively Federal Jurisdiction include violations of ERISA §514 (29 U.S.C. §1144) ERISA 206 (29 U.S.C. §1056) and ERISA 406(a) (29 U.S.C. §1106).

4. Following the Trial, on or about December 22, 2014, the State Case was assigned to the Hon. Shelly Kaufman for all purposes.

**5.** On or about February 20, 2015 Respondent filed a Notice of Appeal to the 2$_{nd}$ California Court of Appeals on Fam. Code §2100 et.seq. and non ERISA issues which affirmed the judgment on August 31, 2016 and appealed to the Supreme Court on or about October 13, 2016. The California Supreme Court who denied a hearing on November 22, 2016 and Remittitur issued. ERISA was not at

issue in any of the State Court appeals other than the specific issue of ERISA §514 and Supersedure, which the court did not address on motion for reconsideration.

6. On or about December 23, 2016, Respondent Exley filed a Summons (Joinder), Request for Joinder of Employee Benefit Plan and Order and Pleading On Joinder—Employee Benefit Plan for the Athena Medical Group, Inc., Defined Contribution Plan Number Three in the above-mentioned State Court Action which joined Claimant as party to the Actions a copy of which is attached as Exhibit "3".

**7.** On or about March 28, 2017, Claimant removed the case to Federal Court as a pattern of "vigilante justice" was emerging ignoring all precedents of ERISA law and a disclosure of blatant violations of ERISA and other federal statutes including Evidence Tampering and by Petitioner, Lois O'Brien.

8. On or about October 17, 2017, the case was remanded as the attorney for the Plaintiffs (Claimant Athena and Respondent Ray Exley) who had been fully briefed refused to argue the points of the case. It was later learned by Lois O'Brien Petitioner in the Family Law matter and Defendant in the Removed case had filed or threatened to file multiple complaints with the California State Bar against said counsel and she was fearful of both her law license and her life.

The case continued until and filed motions for review and to determine the effects of bad acts including perjury by Petitioner O'Brien upon the case.

Following a multi-year endeavor by counsel Errol Gordon, Esq. for Respondent Ray Exley who to convinced the Juhas court to hear evidence of missed assets pursuant to Family Code §2556, Breach of Fiduciary duty FAM CODE §721 and significant violations of FAM CODE §2040 et.seq.

**STATE COURT REVISITS THE VIOLATOINS OF ERISA BUT BARAGE OF HEARSAY AND FALSE EVIDENCE, REVERSES ITSELF AGAIN VIOLATING ERISA**

In court appearances held between August 20, 21, 22, 23, September 16, 17, 18, 20, 30 and October 2, 3 and 4. In the statement of decision, the Juhas court restored many of the omitted assets and following an audit which disclosed many purposeful errors on the part of Plaintiff O'Brien, the court decided several important issues.

1. The General American Pension Plan life Insurance Policy had been fraudulently transferred from the Athena Medical Group, Inc., Retirement Trust to Lois O'Brien had

been transferred to Petitioner, the Court finds that the purported transfer did not constitute a transmutation pursuant to *Family Code §852*. Furthermore, even ->Q assuming that there was compliance with *Family Code §852,* the Court finds that Respondent has a *Family Code §2640* right of reimbursement.

2. From the 2014 accounting which  The accounting with an equalizing payment of $565,094 to $897,737

3. The Jackson Insurance Policy on the Life of Dr. Exley was taken by O'Brien and the rightful property of Respondent Dr. Exley.

4. That significant moneys had been paid in the Marital estate the benefits of Exley's ERISA plan which had been discounted or completely ignored by the court.

5. O'Brien had obstructed the discovery process and several hundred  thousand dollars were received by O'Brien to which she was not entitled

6. Exley and his new wife Juliana Loza had invested over $500,000 in renovations in the endeavor to preserve the residence as a pension plan collateral asset.

7. That significant sums were paid by Exley to O'Brien ostensive for paying bills but O'Brien denied this and Exley was short changed over due to evidence tampering and objections to discovery. Though proven, the court refused to reconsider the entire interest issue of ERISA Loan repayment.

8. Even though over $1,800,000 in ERISA owed interest and repayment contribution were still excluded, the result was significantly improved by triple which , including the ERISA Vesting benefits of $751,000 the offset package more than tripled to over $2 million. The net increase in the equalization was now was due from ERISA Participant several mortgage loans used to purchase the High ridge Place Property were in fact legal issues but the court refused to admit new evidence.

9. A loan against a Pension Plan asset of "TWO HEADS" a painting purchased by the Athena Plans in 1983 was alleged to be transferred to Exley but without any proof and ordered sold at auction without any backup resolutions or loan agreement.. O'Brien continued to lie about that the painting was Exley/s despite receiving over $500,000

from the forced sale. This is an ERISA asset and expropriated without authority.

10. O'Brien stated that because the Athena Trust loan for the Appeal Bond was expunged and was from an ERISA Plan abandoned and orphaned they were not due because the one-time Employer Sponsor had been disqualified as a California Corporation.

11. Even though the Plans were restored under the Voluntary Correction Program, O'Brien contends her disinformation which evenly caused the court to ignore even more ERISA statutes and Preemption.

12. In December 2020 the policy was finally awarded to Athena but when the Benefit check on a policy with a value of $751,300, the payoff was only $150,000. This was due to O'Brien having taken prohibited loans which she never paid.

Although the State Court ruled in December 2019 order

*"[THE POLICY] WAS NEVER TRANSFERRED TO PETITIONER [O'BRIEN] AND EVEN IF THE POLICY HAD BEEN TRANSFERRED, THE COURT FINDS THAT THE PURPORTED TRANSFER DID NOT CONSTITUTE A TRANSMUTATION PURSUANT TO FAMILY CODE §852". THE COURT FINDS THAT RESPONDENT HAS A FAMILY CODE §2640 RIGHT OF REIMBURSEMENT FOR THE FULL VALUE OF SAID POLICY BECAUSE SINCE THE PREMIUM DISABILITY PROVISION CONTAINED IN SAID POLICY HAS BEEN PAYING THE PREMIUMS SINCE 1982".*

Having filed several RFO for full payment, the court ignored all references to ERISA and §205 and in a **February 2, 2022, the State Court Produced an order which fully** negated critical portions of the court's December 6, 2019 all of which violate ERISA §206(d) and §205 fully depriving the surviving spouse of her right to full payment. Under ERISA §512; SUPERSEDURE; ERISA § 205 Requirement Of Surviving Spouse Survivor Annuity. (a) Required contents, ERISA §206(d) anti-alienation of benefits. The above and other premeditated acts, O'Brien and now the State Court have committed significant violations and stripped the surviving spouse and participants of million in benefits owed them; with such allocations shall be proven at trial.

This notice of Removal is timely because it is filed within 30 days of opposition ruling and several attempts at reconsideration.

Venue is proper in this court in that this is the court of the district embracing the place where the Claimant Pension Plan is based and where the Original Complaint was filed.

DATED: April 4, 2022

By: _____/s/_____
JULIANA LOZA
(aka JULIANA LOZA-EXLEY)
Trustee and Special Administrator for Respondent RAY EXLEY, M.D. and ERISA Administrator of Claimants Athena Medical Group, Inc. Pension Plans #1 & #3 and Athena Retirement Trust