UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-2256-SVW-AJW | Date | June 21, 2022 |
|---|---|---|---|
| Title | Lois O'Brien v. Ray Exley et al. | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**  ORDER GRANTING UNOPPOSED MOTION TO REMAND [11]

Before the Court is an unopposed motion to remand filed by Petitioner Lois O'Brien. Local Rule 7-9 requires an opposing party to file an opposition to a motion not later than twenty-one days before the designated hearing date. *See* C.D. Cal. L.R. 7-9. A party that does not file an opposition may be deemed to consent to the granting of the motion. C.D. Cal. L.R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on failure to oppose motion as required by local rules).

Before granting a motion as unopposed pursuant to a local rule, courts consider: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord, Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).

In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion and had ample opportunity to respond yet failed to do so. *See Ghazali*, 46 F.3d at 54; *see also Masi v. J&J Maint., Inc.*, No. 19-CV-00121-KJM (EFB), 2019 WL 5079550, at *2 n.2 (E.D. Cal. Oct. 10, 2019) (noting that "[c]ourts have considered [the *Ghazali*] factors in the context of an unopposed motion to remand"). Here, like in *Ghazali*, Respondent received notice of the motion and had ample opportunity to respond. *See Ghazali*, 46 F.3d at 54. Moreover, the balance of the above factors weighs in favor of granting Petitioner's motion. *See Henderson*, 779 F.2d at 1423. Accordingly, Petitioner's motion is GRANTED.

:
_____  _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-2256-SVW-AJW | Date | June 21, 2022 |
|---|---|---|---|
| Title | Lois O'Brien v. Ray Exley et al. | | |

Petitioner also seeks an award of attorney fees pursuant to 28 U.S.C. § 1447(c). In *Martin*, the Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Having reviewed Petitioner's motion, the Court concludes that removal was objectively unreasonable. A brief summary of the extensive litigation in this case is illustrative. This case arises out of a marital dispute between Petitioner O'Brien and Respondent Exley that has been ongoing since June 21, 2007. O'Brien originally filed the action state court as a dissolution action; Exley responded by commencing a palimony action against O'Brien in 2009. In October 2011, Exley filed requests to join Athena Medical Group, Inc. Defined Pension Plan and Athena Medical Group, Inc. Defined Contribution Pension Plan (the "Athena Pension Plans" or "Claimants"), who alleged breach of fiduciary duty ERISA counterclaims against O'Brien.

Respondent and Claimants attempted to remove the matter to the Central District of California in 2013. The case was remanded after Petitioner filed a motion to remand. *See* Case No. 2:13-cv-02552-MMM. Respondent and Claimants then filed an independent case in the Central District, which was dismissed for lack of subject matter jurisdiction. *See* Case No. 2:13-cv-07569-BRO.

The matter then went to trial in state court in 2014. After the trial court issued a judgment, Respondent and Claimant appealed, but the California Court of Appeal upheld the judgment. Claimants then attempted to re-litigate the matter in this Court by again removing the case. *See* Case No. 2:17-cv-02410-SVW. Petitioner again filed a motion to remand, which this Court granted. *See id.*, ECF No. 66. The Court issued an order to show cause why attorney fees should not be awarded in Petitioner's favor, but ultimately declined to award such fees. *See* ECF No. 89. Respondent Exley filed a motion for reconsideration, which the Court denied, and two more *ex parte* applications that the Court also denied. *See* In Chambers Order Denying Ex Parte Application, ECF No. 96. The Court's order explained:

> This Court has already recognized that Respondent "has filed an extraordinary amount of ex parte applications" and that the Court would impose sanctions for any further misuse of such applications. Nevertheless, Respondent filed yet another application—without any evidenced notice to opposing counsel. This second *ex parte* application is almost identical to the first, which the court already denied.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-2256-SVW-AJW | Date | June 21, 2022 |
|---|---|---|---|
| Title | *Lois O'Brien v. Ray Exley et al.* | | |

*Id.* at 1. The Court denied the application and granted Petitioner's request for sanctions against Respondent, ordering Respondent to pay $6,300. *See id.* at 3. The Court also cautioned Respondent "that if he files any more frivolous motions, the Court is likely to deem him a vexatious litigant." *Id.*

In May 2021, Respondent's widow filed a "Request for Order" in state court on behalf of the Athena Pension Plan claimants. After the state court made several rulings, Respondent and Claimants again removed the matter to this Court. *See* Not. Removal, ECF No. 1. Petitioner then filed the instant motion to remand. *See* Mot., ECF No. 11.

Ultimately, the Notice of Removal is meritless. Respondent and Claimants attempt to re-litigate the merits of a marital action as decided in Superior Court and as affirmed by the California Court of Appeal. They ignore the previous instances in which three different judges in the Central District ruled that no subject matter jurisdiction existed over Respondent's claims. And as Petitioner's motion indicates, Respondent and Claimants' attempt to remove the matter is untimely—even assuming that Respondent's May 2021 Request for Order could somehow confer removal jurisdiction (it does not), Respondent would have had to remove the case by June 2021. *See* 28 U.S.C. § 1446(b).

Accordingly, in the motion, Petitioner's counsel Alisa Morgenthaler requested a fee award of $25,000. However, because Morgenthaler provided no basis for this request, the Court ordered Petitioner's counsel to file a billing statement or other documents corroborating the requested fee award. *See* ECF No. 23. Counsel submitted a declaration indicating that the ultimate amount of the fee was $19,335.56. *See* Declaration of Alisa M. Morgenthaler ("Morgenthaler Decl."), ECF No. 24.

However, Counsel's submission was almost entirely redacted, with a header at the top stating, "Privileged and Confidential – Attorney-Client Communication; Attorney Work Product." *See id.* Ex. 2–3. As to the attorney-client privilege, under California law, "[i]nvoices for legal services are generally not communicated for the purpose of legal consultation. Rather, they are communicated for the purpose of billing the client and, to the extent they have no other purpose or effect, they fall outside the scope of an attorney's professional representation." *Los Angeles Cty. Bd. of Supervisors v. Superior Court*, 2 Cal. 5th 282, 295 (2016). As to work-product protection, documents must: (1) be "prepared in anticipation of litigation or for trial" and (2) be prepared "by or for another party or by or for that other party's representative." *See United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (citation omitted).

Here, there is little basis to conclude that counsel's invoices are protected by either the attorney-client privilege or the work product doctrine. It is quite unlikely that a short billing entry indicating the

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-2256-SVW-AJW | Date | June 21, 2022 |
|---|---|---|---|
| Title | Lois O'Brien v. Ray Exley et al. | | |

amount of work performed on a certain task and what that work entailed was "communicated for the purpose of legal consultation" or "prepared in anticipation of litigation."

Generally, to evaluate a fee request, courts generally use the lodestar method, which requires a calculation of "multiplying the number of hours reasonably expended by the prevailing party with a reasonable hourly rate, then making any adjustments as necessary to account for factors not already subsumed within the initial lodestar calculation." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1130 (9th Cir. 2008). The party seeking fees bears the burden of proving the lodestar amount. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007).

Thus, courts can reject fee requests that are not supported by actual billing records for failure to meet this burden. *See, e.g., Ryan v. Editions Ltd. W., Inc.*, No. 5:06-CV-04812-PSG, 2016 WL 233093, at *4 (N.D. Cal. Jan. 19, 2016); *JS Prod., Inc. v. Kabo Tool Co.*, No. 2:11-CV-01856-RCJ-GW, 2014 WL 5243362, at *4 (D. Nev. Oct. 15, 2014) (reducing award where fee request was "not supported by adequate billing records").

Here, in light of Morgenthaler's initial failure to submit a billing statement and subsequent decision to redact all entries in her submission, the Court cannot determine if the hours she billed were "reasonably expended." *See Mendez*, 540 F.3d at 1130. Indeed, the limited information in counsel's submission suggests that Morgenthaler engaged in unreasonable block billing. For example, the billing statements include single entries for 4 hours on April 28, 2022; 10 hours on April 30, 2022; 8 hours on May 1, 2022; 4 hours on May 3, 2022; and 7 hours on May 5, 2022. *See, e.g., Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) ("There is no way to determine whether the time claimed for any particular task is reasonable because [the defendant] did not identify the fees or time associated with these tasks individually").

These entries account for **33 hours**—or $12,375 at Morgenthaler's rate of $375 per hour—the majority of Petitioner's billing request. Without any additional information or way to evaluate these entries, the Court cannot find that Morgenthaler has satisfied her burden of proving the lodestar amount. *See Welch*, 480 F.3d at 945–46. The Court therefore strikes these entries. Nevertheless, balancing this concern against the objective unreasonableness of Exley's removal, which required Petitioner's counsel to incur time in drafting the motion to remand and conduct legal research, the Court finds it reasonable to award Petitioner fees for Morgenthaler's remaining entries.

Therefore, Petitioner is awarded fees of $6,960.56.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |